UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CALLOWAY CLEANING &
RESTORATION, INC.,

    Plaintiff,

v.

ROBERT T. BURER, et al.,

    Defendants.

Case No. 1:22-cv-12

Bowman, M.J.

**MEMORANDUM ORDER**

On April 4, 2023, the Court conducted its third informal telephonic discovery conference in the above-captioned case.[1] Following the first telephonic conference, held on December 6, 2022, the Court entered a formal Order compelling Defendant to respond to written discovery requests and warning Defendant Burer that a failure to comply "may result in sanctions or orders to show cause." (Doc. 27). After the second telephonic conference, held on March 1, 2022, the Court entered a Minute Order directing Defendant Burer to appear for a Rule 30(b)(6) deposition, and directing Plaintiff to "file a motion for sanctions if appropriate." *Id*.

As directed after the second hearing, Mr. Burer appeared for deposition on behalf of Defendant 1 Call Away Restoration, LLC as its Rule 30(b)(6) witness. (*See* Doc. 31). However, at a follow-up telephonic conference held today at which both parties appeared

---

[1] The above-captioned case has been assigned to the docket of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 19).

1

through counsel,[2] the parties confirmed that the deposition did not produce the discovery that has been repeatedly requested by Plaintiff.

Prior to the conference before this Court, Plaintiff's counsel transmitted an informal memorandum that was reviewed but has not been filed of record. Based upon the oral argument presented including Plaintiff's oral motion to compel, it is clear that the failure of both Defendants to fully participate in discovery requires an additional Order.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's telephonic request for overdue discovery responses is construed as an oral motion to compel the same;
2. As so construed, Plaintiff's oral motion to compel is **GRANTED**;
3. Defendant Burer shall produce, at a minimum, all <u>personal and business bank records</u> for the time period of August 1, 2021 through December 31, 2022, including but not limited to records from two banks referenced by Defendant Burer at the March 20, 2023 deposition;
    a. The referenced bank records shall include not only the personal bank records of Defendant Burer and the business bank records of Defendant 1 Call Away Restoration LLC, but also shall include the records of BB Investments Properties LLC, and those of any other entities affiliated with Defendant 1 Call Away Restoration LLC;

---

[2] Aaron Bernay and Simon Svirnovskiy appeared on behalf of Plaintiff, and John McClure appeared on behalf of Robert Burer and 1 Call Away Restoration LLC.

    b. Defendant Burer is directed to produce the referenced bank records to his own attorney and to Plaintiff's counsel **on or before 5 p.m. on Tuesday, April 18, 2023**.[3]

4. In addition to the bank records referenced in paragraph 3 of this Order, Defendant Burer is <u>again</u> directed to produce all overdue written discovery, including but not limited to copies of text messages, emails, and photographs, **not later than 5 p.m. on Tuesday, April 18, 2023**;

5. In light of Defendants' apparent lack of cooperation with discovery to date, Plaintiff is invited to file a formal motion seeking any sanctions that it deems appropriate.

                                                                       <u>*s/Stephanie K. Bowman*</u>
                                                                       Stephanie K. Bowman
                                                                       United States Magistrate Judge

---

[3] It is common practice for bank records to be readily accessible online. However, to the extent that Defendant Burer is not able to access online records, said records may be obtained by an in-person request at any bank branch during regular business hours.  Mr. Burer is strongly advised to take immediate action to obtain these records in a manner that complies with the strict time limits of this Order.