**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CALLOWAY CLEANING &
RESTORATION, INC.,

          Plaintiff,

    v.

ROBERT T. BURER, et al.,

          Defendants.

Case No. 1:22-cv-12

Bowman, M.J.

**MEMORANDUM ORDER[1]**

Pending before the Court is Plaintiff's unopposed motion for sanctions. (Doc. 35).

For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART**.

## I.    Background

On January 7, 2022, Plaintiff Calloway Cleaning & Restoration, Inc. ("Calloway")

initiated this case against one of its former employees, Robert Burer, and the company

he formed, 1 Call Away, LLC, based on the alleged misappropriation of Plaintiff's business

reputation, goodwill and customer business, as well as the alleged misuse of stolen

business equipment. (Doc. 1). Plaintiff Calloway is a cleaning and restoration company

founded by the late James Calloway in 2009. The complaint alleges that since James'

death in July 2019, his widow Michele has run the company. (*Id.*, ¶ 2, 18).

After James' death, Defendant Robert Burer, who is Michele's ex-husband, began

employment with Calloway. (*Id.*, ¶21). Initially volunteering his time, Burer became a full-

---

[1] The above-captioned case has been assigned to the docket of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 19).

time Calloway employee in January 2021. (*Id.*, ¶¶22-23). Burer left Calloway in August 2021. (*Id.*, ¶3). At some point, Burer created a new company, 1 Call Away LLC ("1 Call Away"). Based on twelve separate causes of action under both state and federal law, Plaintiff seeks permanent injunctive relief against Burer and 1 Call Away, plus compensatory damages in excess of $57,899, exemplary and punitive damages, treble statutory damages, attorney's fees and costs, and pre- and post-judgment interest. (*Id.*, PageID 24-26)

On April 27, 2022, through counsel, Defendants filed an answer and a counterclaim. (Doc. 11). The counterclaim, for unjust enrichment and conversion, alleges that Defendant Burer advanced the sum of $7,000.00 to meet Calloway's payroll and was prevented from recovering $11,000.00 in personal property including personal tools and a "slushy" machine. Defendants' counterclaim sought the dismissal of Plaintiff's complaint and that judgment be entered in his favor for $18,000.00 plus interest and costs. (*Id.*, PageID 42).

Calloway answered the counterclaim on May 18, 2022, and the court thereafter entered a Calendar Order. (Docs. 16, 21). Throughout the discovery period, Defendants continually failed to participate in discovery, requiring this Court to convene five telephonic hearings to date.

Calloway first served written discovery requests on September 29, 2022. (Doc. 35-1). On October 28, 2022, defense counsel served 1 Call Away's <u>unsigned</u> Responses to the Requests for Admission, (Doc. 35-2), promising signed copies "as soon as possible" and noting he had made a "third request" to Burer and 1 Call Away for the outstanding Interrogatories and Requests for Production. After defense counsel was unable to cajole

his clients into producing the outstanding discovery, despite "emails, regular mail, and certified mail," (Doc. 35-3, PageID 198), all counsel jointly sought the Court's intervention.

On December 6, 2022, the Court conducted its first discovery hearing. After that conference, the Court ordered Defendants to file the overdue responses and for Burer to produce documents to his attorney (with whom he had failed to communicate) by December 16, with defense counsel to forward the responses to Plaintiff. The Court warned of "possible sanctions" if Burer failed to meet the specified deadlines. (Minute Entry 12/6/22 and Doc. 27). In response, Burer provided only incomplete and unsigned/unverified responses to Interrogatories. Defense counsel's letter conveying his clients' responses is apologetic, noting that the responses "are not as detailed as I would have hoped," but "the best that I am able to get to you at this time," and promising to forward "signed signature pages…when I get them." (Doc. 35-4, PageID 200).[2]

Examples of the inadequate interrogatory responses include Burer's statement "I don't recall" to the most rudimentary questions, with vague promises that he "will attempt to provide" substantive responses on some future (unspecified) date. (Doc. 35-4, PageID 228). In response to a request for phone numbers and user names for social media accounts, 1 Call Away responds that it has no "documents," ignoring that the question does not require documentation. On January 20, 2023 Calloway's counsel wrote to detail the many deficiencies, pointing out that Defendants' suggestion that it was unable to

---

[2]The December responses of 1 Call Away to Requests for Admission admitted that it told at least one actual or potential Calloway customer that Calloway doesn't know what they're doing, that Calloway's workers were "terrible employees" and "really inexperienced," and "disparaged Calloway on at least one social media post," including a Facebook post that is dated November 10, 2021. (Doc. 35-2, PageID 194-195). Incredibly, Burer's much later responses to an identical set of Requests stated "Not that I recall" or expressly denied the very same admissions. He "denied" that he disparaged Calloway on at least one social media post, and stated "I may have done this but I am not sure" regarding the November 10, 2021 Facebook post. (Doc. 35-4, PageID 239-240)..

locate and may not have *any* business documents (tax returns, income statements, balance sheets, cash flow statements or records of equipment purchases) was "not credible." (*See* Doc. 35-5). Plaintiff also attempted to Notice Defendant 1 Call Away's Rule 30(b)(6) deposition, but defense counsel could not confirm Burer's availability due to his failure to communicate. (Doc. 35-6).

In response to the January 20 deficiency letter, Defendants mostly reproduced the same non-responsive and incomplete responses, albeit this time with more handwritten notes by Burer stating that he did not know basic information, or needed more time to gather it despite having been served with the requests months earlier. In one particularly reprehensible response for a request for "all communications, records, or other documents showing how every piece of Your equipment was obtained; the price paid for each piece of equipment; and the current location of each piece of equipment," Burer handwrote: "I have naked pictures of [Calloway's President] that I can send over." (Doc. 35, PageID 139, citing Doc. 35-8, PageID 276). Attempting to respond more professionally by letter dated February 23, 2023, defense counsel apologetically produced signed copies of Burer's and 1 Call Away's responses. (*See* Doc. 35-9). Notably, counsel did not object to any requests; instead, counsel stated only that Burer "was unable to provide me with" responsive information. (*Id.*) As to the wholesale failure to produce documents, defense counsel speculated that "[b]ased on … responses to my questions during our meeting, [Burer] may actually not have any documents." (*Id.*)

Counsel sought a second discovery conference to resolve scheduling issues with the Rule 30(b)(6) deposition, and Defendants' failure to fully comply with the December Order. (Doc. 35-7). On March 1, 2023, the Court directed Defendants to produce long

overdue responsive documents at the upcoming Rule 30(b)(6) deposition for 1 Call Away. (Minute Entry 3/1/23). The Court expressly invited Plaintiff to "file a motion for sanctions if appropriate." *Id*.

On April 4, 2023, the Court conducted a third telephonic discovery conference. That conference revealed that although Mr. Burer had appeared as his company's Rule 30(b)(6) witness on March 20, he was wholly unprepared[3] and again produced <u>no</u> documents. For a third time, the Court granted Plaintiff's motion, compelling Defendant Burer to produce personal and business bank records from August 31, 2021 through December 31, 2022 "at a minimum," together with "all overdue written discovery, including but not limited to copies of text messages, emails, and photographs." (Doc. 33). Citing "Defendants' apparent lack of cooperation with discovery to date," the Court again invited Calloway "to file a formal motion seeking any sanctions that it deems appropriate." (*Id.*)

On May 5, 2023, Calloway moved for sanctions, citing Burer's continued failures to participate in discovery and repeated failures to comply with the prior Orders of this Court. Although Defendant produced some records in response to the April Order, the bank records were incomplete and did not cover the full time period, and Burer produced no other documents. Plaintiff's detailed 20-page motion for sanctions is well-supported by 12 exhibits, including Burer's deposition testimony, which is alternately belligerent, sarcastic, profane, unresponsive and rambling. (Doc. 35-10). Plaintiff's motion provides multiple examples of Burer's contemptuous conduct during that deposition, including

---

[3]Mr. Burer testified that he had attempted to prepare, but his testimony about the steps he took to prepare (and frankly, the lack of steps he took) makes abundantly clear that he did nothing. (Doc. 35-10, 49:20-51:6; 60:23-67:7; 222:24- 225:1; 248:10-17).

defamatory statements about Calloway, Michele Calloway, her mother, and the late James Calloway, and abusive remarks made toward counsel.[4]

On June 21, 2023, the Court conducted a fourth telephonic conference at which all counsel appeared. Explaining the lack of progress, defense counsel noted extreme difficulty in communicating with Burer, and raised the possibility of moving for withdrawal should he continue to be unable to obtain his clients' cooperation. At Plaintiff's request, the Court extended the discovery and dispositive motion deadlines to August 31, 2023, and strongly "encouraged" Defendant Burer "to cooperate with his attorney." (Minute Entry 6/21/23).

On September 12, 2023, defense counsel moved to withdraw. (Doc. 36). In addition to citing personal health reasons, counsel cited Defendants' failure to comply with the terms of representation, including a failure to cooperate in discovery, a failure to cooperate in responding to the motion for sanctions, and a "total breakdown in communication between counsel and clients." (Doc. 36). The Court ordered Mr. Burer to appear at a fifth telephonic hearing on the motion to withdraw to be held on October 19, 2023. Despite being served by certified mail with the Order, Mr. Burer failed to appear. The court granted the unopposed motion to withdraw, and turns now to Calloway's motion for sanctions, which stands unopposed.

---

[4]In addition to the pinpoint citations identified by Plaintiff, the Court has reviewed the entirety of the deposition transcript filed of record for context. The scope of the deposition exceeded the Rule 30(b)(6) Notice, a fact that Burer's counsel briefly noted on the record. However, defense counsel permitted the broader scope of inquiry based on his client's conduct and the economy of taking a single deposition rather than having Burer return for a separate deposition at which the same questions would be asked.

## II.     Analysis of Unopposed Motion for Sanctions

Defendants have failed to comply with four separate Orders of this Court, including three discovery orders in which the Court expressly warned of sanctions. Mr. Burer and his company[5] first failed to comply with a December 6, 2022 discovery Order, necessitating a second phone conference and follow-up Order on March 1, 2023. After Defendants failed to comply with the March 1 Order, the Court held a third telephonic hearing and filed a more extensive Memorandum Order on April 4. Defendant Burer also failed to fully comply with that Order, producing an incomplete set of bank records with no other documents. At the same time, he continually failed to respond to his own counsel, resulting in a fourth telephone conference with the Court on June 21, 2023, and a fifth telephonic hearing on October 19, 2023, at which the Court granted his attorney's motion to withdraw.[6]

Throughout the discovery period, Defendants' conduct has been reprehensible, making it clear that the failure to cooperate has been willful and in bad faith.[7] As a result of Defendants' conduct, Calloway's motion seeks five specific sanctions: (1) entry of "default judgment" against Burer on the counterclaim for unjust enrichment and conversion; (2) an order prohibiting Defendants from introducing any evidence at trial that has not been previously produced in discovery; (3) a jury instruction permitting the jury to draw an adverse inference against Defendants for spoliated business records; (4) an award of all attorney's fees and costs, totaling $1,541.00 for time spent defending against

---

[5]At the Rule 30(b)(6) deposition, Burer testified that he is the sole owner and employee.
[6]Consistent with his repeated failure to comply with the Court's discovery orders, Mr. Burer ignored the Court's Order that he appear at the hearing on the motion to withdraw.
[7]Plaintiff Calloway argues that Burer's handwritten response to Request for Production #19, which threatened exposure of what can only be described as nonconsensual revenge porn, is grounds for sanctions standing alone. (Doc. 35-8, PageID 276). The Court agrees.

Defendants' counterclaim; and (5) an additional monetary award of fees totaling $28,862.50, plus costs totaling $4,735.00, spent on all discovery efforts and Burer's March 20 videotaped deposition.

In part because Defendants have not been formally sanctioned prior to this point, the Court declines to award Calloway all of the relief it seeks. However, the Court will award a significant monetary sanction of certain attorney's fees and prohibit Defendants from introducing any evidence at trial not previously produced in discovery.

### A. Rule 37 and the Court's Inherent Authority

Rule 37, Fed. R. Civ. P. authorizes sanctions when a party fails to make disclosures or to cooperate in discovery, or fails to comply with a Court order compelling discovery. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). Defendants have repeatedly failed to comply with their discovery obligations despite having been expressly compelled by this Court to produce or supplement incomplete discovery responses on three separate occasions. As Plaintiff's well-supported motion makes clear, this is not the fault of counsel, but the fault of Defendants alone.

When a motion to compel is granted, or if discovery is provided only after a motion is filed, "the court must, after giving an opportunity to be heard, require the party …whose conduct necessitated the motion… to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A). In addition, when a party fails to comply with a Court's discovery order, as has occurred in this case, the Court has discretion to "issue further just orders" including:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)     dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 37(b)(2)(A). In such cases, "the court must order the disobedient party… to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with the prior discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(b)(2)(C).

Other provisions of Rule 37 target specific types of discovery abuses and failures. For example, Rule 37(c) authorizes similar sanctions for a party's failure to disclose or supplement an earlier response, or failure to properly admit what is requested under Rule 36. Rule 37(d) authorizes sanctions based on a party's failure to fully respond to interrogatories. And Rule 37(e) governs sanctions based on a party's failure to preserve electronically stored information.

In addition to its reliance on Rule 37, Calloway seeks a large monetary award for virtually all of its discovery-related and other defense fees and costs under this Court's "Inherent authority." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). With respect to the counterclaims, Plaintiff argues that Defendants knew or should have known

the counterclaims were meritless since Burer produced no evidence of the alleged advancement of personal funds, and no evidence of ownership of (or even identity of) personal tools or the "slushy machine" that he alleges he was prevented from recovering. For example, when questioned about the ownership or value of the "slushy machine," Plaintiff offered a great deal of rambling and irrelevant testimony, illustrated by this brief example:

> If it fell out of the sky, what's it matter? I had it. It's mine. That's it. If I had it, if -- listen, if it fell out of the sky and I caught it, and I said it's mine, it's mine. I own it. What does that matter, what I paid for it, what it's worth? What -- it's mine, and I say what it's worth. If I say -- if I want it back, it's mine, it's worth this much.

(Doc. 35-10, 161:13 – 161:19; *see also*, *generally*, Doc. 35-10 at 158:15-161). Calloway offers many similar examples that confirm Burer's failure to cooperate in the discovery process has been in bad faith.

### B. Determining the Appropriate Sanctions

The Court agrees that Defendants' conduct merits significant sanctions, including but not limited to a large monetary award. Defendants have offered no reasonable justification for their sanctionable conduct and repeated failures to comply with the orders of this Court. Plaintiff has been severely prejudiced by Defendants' conduct, both in mounting its defense to the counterclaim and in preparing for trial on its own claims. Given Burer's conduct, Calloway's arguments that this Court should exercise its inherent authority to impose multiple types of sanctions against Burer have some appeal. Nevertheless, the Court finds sanctions under Rule 37 to be sufficiently punitive.

Defendants' incomplete and evasive responses together with the failure to provide responsive documents have left Calloway hampered in its ability to prepare its own

claims. The complaint alleges that Defendant Burer rerouted Calloway's emergency phone number to his own cell phone, misrepresented himself as James Calloway and a Calloway owner, and interfered with Calloway's actual and prospective customers. Calloway also alleges that Defendant Burer unlawfully traded on Calloway's reputation and name and stole business from Calloway's customers. As Plaintiff puts it: "The evidence in question (both the business records and cell phone records), is critical for Calloway to meet the elements for deceptive trade practices, the Lanham Act violations, tortious interference, and misappropriation of confidential, trade secret, and proprietary information." (Doc. 35). Although Calloway has deposition testimony and documentary exhibits that it used at that deposition, Calloway remains severely prejudiced by Defendants' failure to produce relevant records. Based on that showing of extreme prejudice, Calloway seeks an order prohibiting Defendants from introducing any evidence at trial that has not previously been produced in discovery either in defense against Calloway's claims or in support of its counterclaim.

With respect to the counterclaim in particular, Burer has produced no evidence, either in minimal discovery responses or in his deposition testimony, that he owned the "slushy" machine or any particular tools that were not returned to him, allegedly valued at $11,000. The limited bank records produced by Defendants also fail to show the alleged $7,000 payment used to cover Plaintiff's payroll. Despite testifying at the Rule 30(b)(6) deposition that he could produce a canceled check, Mr. Burer has produced no supporting documents. Calloway seeks $1,541.00 in fees for defending against the counterclaim, as well as the sanction of "default judgment" or dismissal of the counterclaim.

11

A non-monetary sanction is appropriate. *See* Rule 37(b)(2)(A). Therefore, Defendants will be prohibited from supporting their counterclaim and will be prohibited from defending against Calloway's claims based on the introduction of any documentary evidence that was not produced during the course of discovery, or testimonial evidence that should have been produced. *See also* Rule 37(c)(1) (prohibiting use of information not produced during discovery). But judgment in Calloway's favor – either on the counterclaim or on Calloway's primary claims - is not warranted at this time.

Four factors must be considered when determining whether to impose the sanction of dismissal or a default judgment:

> (1)     whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks omitted). Although Calloway has made a strong showing on the first and second factors, the third and fourth factors do not favor the imposition of the most extreme sanction that the Court has at its disposal. True, Burer was expressly warned of the *possibility* of sanctions no less than three times, but he was not expressly warned that the Court might impose the ultimate sanction of default judgment. And to date, this Court has imposed no lesser sanctions.

The Court also declines to impose separate spoliation sanctions, which Calloway seeks based on the alleged spoliation of electronic information (cell phone records) as well as spoliation of other business records.

> Sanctions are available for spoliation where, "[f]irst, the party with control over the evidence must have had an obligation to preserve it at the time it

> was destroyed. Second, the accused party must have destroyed the evidence with a culpable state of mind. And third, the destroyed evidence must be relevant to the other side's claim or defense."

*Little Hocking Water Assn., Inc. v. E.I. du Pont de Nemours & Co*., 94 F.Supp.3d 893, 918 (S.D. Ohio, 2015) (quoting *Byrd v. Alpha Alliance Ins. Corp.,* 518 Fed. Appx. 380, 383–84 (6th Cir.2013)); *see also*, *generally*, Rule 37(e)(2) (permitting presumption that a party's failure to preserve electronically stored information resulted in the loss of information unfavorable to that party, and jury instruction to that effect, when the party acted "with the intent to deprive another party of the information's use.").

At the Rule 30(b)(6) deposition, Defendant Burer testified that while he does not keep a lot of records, a flood at his house days before the deposition destroyed the few records that he did keep under some steps. (Doc. 35-10, at 321:13-323:25). He also testified that he lost access to phone records, including text messages and customer communications, when he obtained a new phone and the data was not transferred from his old phone.[8] (*Id*., at 61:18-62:15; 320:5-11).

Calloway argues that Burer's claim that he kept few if any business records for 1 Call Away, and that few records he kept "just happened" to be kept in the precise spot where a toilet pipe broke just days prior to his March 20, 2023 deposition "strains credulity." (Doc. 35, PageID 149). The Court agrees. Even if it were to suspend disbelief and find Burer's far-fetched explanation to be credible, Burer's conduct would still be sanctionable. The requests for production were served on September 29, 2022. Burer ignored those requests and repeatedly violated this Court's orders for many months before the records were allegedly destroyed by a flood.

---

[8]It does not appear that Burer offered any explanation for his failure to produce other electronic records such as emails.

Still, "[t]he least severe sanction must be imposed, one that is 'commensurate with the degree of prejudice to the nonoffending party.'" *Little Hocking Water Assn., Inc.*, 94 F.Supp.3d at 919 (quoting *Lunkenheimer Co. v. Tyco Flow Control Pac. Party Ltd.,* No. 1:11-cv-824, 2015 WL 631045, at *10, 2015 U.S. Dist. LEXIS 17962, at *38 (S.D. Ohio Feb. 12, 2015) (additional citation omitted)). Because this Order already imposes significant monetary and nonmonetary sanctions, and because the precise nature of the "adverse inference" instruction that Calloway seeks is unclear, the Court denies Calloway's request for additional spoliation sanctions. But the denial of additional relief is without prejudice to Calloway's ability to renew its motion for a more specific adverse inference instruction at trial, or alternatively, to move for any other appropriate relief, such as judgment under Rule 50(a).

### C. Calculation of the Monetary Sanction to be Awarded

Based primarily on the Court's "inherent authority," Calloway seeks a substantial monetary award ($28,872.50 plus $1,541.00 in total fees, plus costs of $4,735.50) that goes well beyond the fees incurred to compel discovery and to draft the motion for sanctions. Indeed, Calloway admits that it seeks compensation for a significant portion of its discovery expenses, including "all efforts to engage the Court to ensure Defendants comply with discovery obligations as well as conducting the Rule 30(b)(6) deposition," and "preparing for and participating in the three discovery conferences with the Court; preparing for and taking the Rule 30(b)(6) deposition; and briefing and filing this Motion." (Doc. 35, PageID 153; see also Doc. 35-11). Calloway also seeks to recoup its defense costs for Defendants' counterclaim.

While a substantial sanction of "reasonable" attorney's fees and costs is appropriate, the amount authorized by Rule 37 alone - without reliance on the Court's "inherent authority" - should serve as a sufficient punishment and deterrent for any future misbehavior. Litigation is expensive. It is made more expensive by discovery disputes, which are relatively commonplace. Fortunately, few disputes require the amount of court intervention that this case has required. Consistent with local practice and the undersigned's General Order, Plaintiff made three oral motions to compel. All three of the oral motions were granted during telephonic hearings held on December 6, March 1, and April 4. When Defendants' misconduct persisted, and at the Court's express invitation, Calloway filed its motion for sanctions. In hindsight, the Court regrets not having imposed lesser sanctions on Mr. Burer and his company at an earlier date. Be that as it may, the Court is now tasked with assessing sanctions after the close of discovery, on the eve of trial.

Calloway is entitled to "reasonable expenses" under Rule 37. But a "reasonable" award does not include all of Calloway's litigation expenses. In determining an appropriate monetary sanction, the Court necessarily exercises its discretion. Any sanction under Rule 37 "must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Dickerson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (quotations and citation omitted).

In the exercise of its discretion, the Court declines to award Calloway the total sum of $31,622.50 sought by its motion. Among the expenses disallowed are fees incurred prior to the date of the first informal discovery conference on December 6, and expenses

15

for defending against the counterclaim. Despite the Defendants' failure to produce evidentiary support for that counterclaim, Calloway does not accuse defense counsel of filing the counterclaim in violation of Rule 11, Fed. R. Civ. P. Nor did Calloway seek early dismissal or summary judgment on that claim. The Court also declines to award any of Calloway's fees and costs related to the March 20 deposition. True, the timing of that deposition was significantly delayed due to Defendants' misconduct. However, nothing in the record suggests that Calloway would have avoided the deposition entirely if only Burer had produced the requested discovery. To the contrary, time records reflect that Calloway first prepared a Rule 30(b)(6) Deposition Notice on October 21, 2022 – before Defendants' initial discovery responses were due and long before Defendants' bad behavior required Court intervention.

Other fees are more directly related to Defendants' misconduct. But awarding all of Plaintiff's remaining fees still would result in an extraordinarily punitive sanction, even if the Court eliminates: (1) fees incurred prior to December 6, 2022; (2) fees for defense of the counterclaim; and (3) deposition expenses. Bearing in mind the proportional nature of the sanction to the egregious offenses in this case, the lack of any prior sanction, and the non-monetary sanction that is also being imposed, the Court concludes that the sum of $10,216.00 best represents an "appropriate" fee award. That sum represents the time Plaintiff spent specifically on the sanctions motion.

### III. Conclusion and Order

Defendants' Exhibit 11 is uncontested evidentiary support for the award of a significant monetary sanction under Rule 37, Fed. R. Civ. P., against both Defendants.

But for the reasons stated, the Court declines to award the entirety of the fees and costs sought in Calloway's motion.  (*See* Docs. 35-11, 35-12).

Therefore, **IT IS ORDERED THAT**:

1. Whether through new counsel or pro se, **Defendant Burer MUST APPEAR at the telephonic hearing scheduled at 11:00 am on November 13, 2023**. A failure to appear is highly likely to support the imposition of additional future sanctions, including but not limited to dismissal of his counterclaim for failure to prosecute;

2. On or before December 4, 2023, Defendants Burer and 1 Call Away, LLC shall pay to Plaintiff the sum of **$10,216.00** as a sanction under Rule 37, Fed. R. Civ. P. for their continued discovery abuses throughout this litigation, including their failure to comply with three separate Orders compelling them to produce discovery. Defendants' liability for this monetary sanction is joint and several;

3. Defendants also are prohibited from offering any evidence at trial that was not produced during discovery;

4. The Clerk of Court shall serve a copy of this Memorandum Order on Defendant Burer alone by certified mail, with additional service on both Defendants by ordinary mail.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge