**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CALLOWAY CLEANING & RESTORATION, INC., | |
| Plaintiff, | Case No. 1:22-cv-12 |
| v. | Bowman, M.J. |
| ROBERT T. BURER, et al., | |
| Defendants. | |

**MEMORANDUM ORDER[1]**

On August 11, 2022, the Court entered a Calendar Order setting the above-captioned case for a jury trial to begin at 9 a.m. on December 4, 2023. (Doc. 21). On this day, Plaintiff appeared through counsel and Defendant Robert T. Burer appeared pro se; but Defendant 1 Call Away Restoration LLC did not appear. This Order concerns two written motions filed by Plaintiff, Defendant Burer's oral motion to reopen discovery, and the Plaintiff's oral motion to continue the trial date.[2]

For the reasons that follow, Plaintiff's motion for entry of default judgment is GRANTED in part; Plaintiff's motion to withdraw its jury demand is DENIED; Defendant's oral motion to reopen discovery is DENIED; and the Plaintiff's oral motion to continue the trial date is GRANTED.

---

[1] The above-captioned case has been assigned to the docket of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 19).
[2] Defendant Burer did not object to the oral motion to continue the trial date.

1

I. **Procedural History**

Plaintiff Calloway Cleaning & Restoration Inc. filed suit against Defendants Robert Burer and 1 Call Away Restoration LLC ("1 Call Away") nearly two years ago, on January 7, 2022. Plaintiff's complaint includes the following claims: deceptive trade practices under state law (Counts 1-2); trademark violations under the Lanham Act (Counts 3-4); tortious interference with contractual and business relationships (Count 5); conversion of equipment and gift cards belonging to Plaintiff (Count 6); defamation (Count 7); breach of a fiduciary duty (Count 8); misappropriation of confidential, trade secret and proprietary information (Counts 9-10); and civil conspiracy (Count 11).[3] In addition to answering the complaint, Defendant Robert Burer filed a counterclaim for unjust enrichment and conversion. Discovery was initially set to close on May 1, 2023, but that deadline was extended to August 31, 2023.

Shortly after the close of discovery, on September 12, 2023, counsel for Defendant Robert Burer and his company, Defendant 1 Call Away Restoration LLC, moved to withdraw from representation based on Defendants' failure to cooperate with their own counsel and failure to respond to numerous discovery requests. (*See* Doc. 36). The Court directed Mr. Burer to appear at a hearing on the motion to withdraw. When he failed to appear, the Court granted counsel's motion. (Doc. 40).

In a detailed Memorandum Order that describes Defendants' conduct throughout discovery as reprehensible and in bad faith, the Court granted in part Plaintiff's unopposed motion for sanctions. (Doc. 41). In the sanctions Order, the Court specifically

---

[3]In a twelfth claim, Plaintiff seeks an equitable accounting for diverted sales and improper profits; however, this "claim" appears to be a request for relief rather than an independent cause of action.

ordered Defendant Burer to appear at a telephonic hearing scheduled for November 13, directed both Defendants to pay to Plaintiff the sum of $10,216.00 to Plaintiff not later than Monday, December 4, 2023 as a monetary sanction, and prohibited either Defendant from offering any evidence at trial that had not been produced to Plaintiff during discovery. (*Id*., PageID 591).

On November 13, 2023, Defendant Burer appeared as directed by the sanctions Order, despite claiming not to have read that order.[4] The Court advised Defendant of the content of the sanctions Order, and of the need to retain counsel for the Defendant company whether or not he intended to proceed pro se individually. The Court further advised Mr. Burer that any new counsel must enter an appearance prior to a telephone conference set for 11/27/23, with the joint proposed final pretrial order due November 30, 2023, and the long-scheduled trial date remaining December 4, 2023.

On November 27, 2023, the Court convened yet another telephonic conference. Plaintiff's counsel and Defendant Burer appeared, along with Attorney Gregory Berberich, who stated that he hoped to enter an appearance on behalf of both Defendants conditional on agreement about his representation. The Court advised all parties that: (1) Mr. Berberich would be required to enter his appearance not later than 5 pm on November 28, 2023 in order to obtain a continuance of the trial date;[5] and (2) if Mr. Berberich did not

---

[4]The Court previously served Mr. Burer by both ordinary mail and by certified mail. Mr. Burer repeatedly has confirmed the accuracy of the address listed for him in the record of this Court, and the ordinary mail sent to him has not been returned. However, certified mail sent to the same address has been unclaimed and returned. (*See* Doc. 42). The Court will continue to serve Mr. Burer by ordinary mail, with additional copies of its orders sent to Defendant Burer at the email listed of record.

[5]The Court advised that discovery would not be reopened, but that the Court would be willing to revise the final pretrial conference date and move the trial date to January 29, 2024 if (and only if) Mr. Berberich entered an appearance. *See* Minute Entry 11/27/23.

enter his appearance, then trial would begin as previously scheduled at 9 a.m. on Monday December 4, 2023, with a proposed final pretrial order due on Friday, December 1, 2023.

Mr. Berberich did not enter an appearance. Therefore, at Plaintiff's request, the Court scheduled another telephonic conference for November 30, emailing Defendant Burer at the email address he previously had provided to this Court. At the appointed time on November 30, 2023, counsel for Plaintiff appeared but neither Defendant nor any defense counsel made an appearance.[6] Plaintiff's counsel advised the Court of its intention to move for default judgment based in part on Defendants' failure to obtain new counsel for the Defendant company, and both Defendants' failure to appear at the November 30 telephone conference. Plaintiff further advised that it intended to move to withdraw its jury demand and proceed to trial before the undersigned.

The Court reiterated its intention to begin trial on Monday, December 4, 2023 as previously scheduled, but stated that it would first hear any argument concerning the anticipated motions. The Court advised that if necessary, jury selection could begin on Tuesday, December 5, 2023. The Court's Minute Entry was sent by email and by regular first class mail.

II. Analysis

A. Plaintiff's Motion for Entry of Default Judgment

As this Court has repeatedly stated to Defendant Burer, Defendant 1 Call Away Restoration LLC, as a limited liability company, cannot proceed pro se under Ohio law or in federal court. *See Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, ¶ 18, 843 N.E.2d 169; *Jackson v. Reliance Constr. Servs., LLC*, Case No. 1:20-cv-799,

---

[6]Plaintiff's motion for default judgment states that Plaintiff also notified Attorney Berberich of the November 30 call as a courtesy.

4

2023 WL 4933269, at *2 (S.D. Ohio Aug. 2, 2023). Therefore, 1 Call Away has been in default for failing to appear since the withdrawal of its counsel on October 23, 2023. The Court extended time for both Defendants to obtain new counsel, but that deadline expired on November 28, 2023.

At oral argument on Plaintiff's motion, Plaintiff reiterated that 1 Call Away is in default based on its failure to appear through counsel. Plaintiff further argued that Defendant Burer is also in default based on his failure to appear at the recent November 30 telephone conference. In response, Defendant Burer stated that he thought that Attorney Berberich planned to appear for the telephonic conference on 11/30, and expressed hope that Attorney Berberich might yet appear on behalf of his company if the Court were to permit one last extension of time. Defendant Burer also objects to the entry of default for his failure to appear on November 30 based on an alleged lack of notice of that hearing, due in part to his difficulty using email. With the consent of the parties, the Court took a brief recess to contact Attorney Berberich. Although the Court was able to reach Attorney Berberich telephonically, he verbally confirmed that he will not be entering an appearance on behalf of either Defendant in this case.

Having considered the relevant issues, the Court concludes that Plaintiff's motion should be granted in part as to 1 Call Away, which has technically been in default since the withdrawal of counsel on October 23, 2023.

> It is settled law that a corporation cannot appear in federal court except through an attorney. *See Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). The Court cannot waive this rule even in cases of severe financial hardship. *See Alli v. United States*, 93 Fed. Cl. 172, 177, 177 n.8 (2010) (collecting cases). Thus, where a corporation has repeatedly failed to appear by counsel or where the corporate defendant has been under an order of the court to appoint counsel for an extended period of

5

time, a default judgment may be entered against it pursuant to Rule 55. *See Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975); *Alli*, 93 Fed. Cl. at 177, 177 n.9 (collecting cases).

*Williams v. Dearborn Motors 1, LLC*, No. 17-12724, 2020 WL 1242821, at *3 (E.D. Mich., March 16, 2020) (entering default judgment based on corporate defendant's failure to obtain new counsel).

Here, Defendant 1 Call Away confirmed its default by failing to appear in Court with counsel on the scheduled trial date of December 4, 2023. Contrary to Defendant Burer's expressed hope, Mr. Berberich confirmed to this Court that he will not be representing either Defendant. However, despite the fact that 1 Call Away is clearly in default, a default judgment under Rule 55(b) cannot be entered prior entry of default by the Clerk under Rule 55(a). This Order therefore directs the Clerk to enter a default against 1 Call Away at this time.

In contrast to the motion against 1 Call Away, the Court will deny Plaintiff's motion for entry of default judgment against Defendant Burer at this time. The Court will excuse Mr. Burer's failure to appear at the November 30 telephonic hearing based on the short notice provided prior to that hearing, Defendant's pro se status, and his alleged technological difficulties. **That said, the Court will not in the future excuse Mr. Burer's failure to appear based on allegations that he did not receive notice.** Mr. Burer has repeatedly confirmed the accuracy of his email and postal mail addresses. He has elected to proceed pro se in this case. Therefore, proper notice is presumed going forward.

The remaining issue is whether to grant a default judgment against 1 Call Away under Rule 55(b) immediately following the entry of default under Rule 55(a). Regardless of whether judgment is entered at this time, Plaintiff will be required to prove its damages

6

at trial. As Magistrate Judge Litkovitz noted in *Secretary of Labor v. Monroe Trades Corp.*, No. 1:17-cv-272, 2019 WL 11767597, at *1 (S.D. Ohio Nov. 5, 2019):

> The Sixth Circuit has stated that when default judgment is sought only against some defendants in a case involving multiple defendants, "the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, 1988 WL 93305, at *3 (6th Cir. 1988). *See also Charvat v. DFS Servs. LLC*, 781 F. Supp. 2d 588, 591 (S.D. Ohio 2011); *Charnock v. Anderson*, No. 2:14-cv-472, 2015 WL 12683414, at *1 (S.D. Ohio July 1, 2015); *ArmorSource LLC v. Kapah*, No. 2:18-cv-905, 2019 WL 1039748, at * 2 (S.D. Ohio Mar. 5, 2019).

*Id.*

Here, as In *Monroe Trades Corp.*, Defendants are alleged to be jointly and severally liable for Plaintiff's claims. Because Plaintiff must try the issue of liability against Defendant Burer before a jury, and must present evidence of damages against both Defendants, the undersigned concurs with the analysis of *Monroe Trades Corp*. and finds that entry of default judgment against 1 Call Away is premature because it would create a risk of inconsistent judgments at trial. *See also ArmorSource* LLC, 2019 WL 1039748, at * 2. The better course of action is to enter a default against 1 Call Away, but to delay entry of default judgment against that Defendant until the claims against Mr. Burer have been fully resolved at trial.

**B.  Plaintiff's Motion to Withdraw its Jury Demand**

Plaintiff's motion to withdraw its jury demand in order to proceed with a bench trial will be denied. Rule 38(d) requires the consent of the opposing party before a jury demand can be withdrawn. At oral argument, Defendant Burer declined to provide that consent.

### C. Defendant Burer's Oral Motion to Reopen Discovery

The Court's 17-page October 26 sanctions Order detailed the many ways in which Defendants violated their discovery obligations over the lengthy period of time during which discovery remained open. That period ended on August 31, 2023. At the telephone conference held on November 27, 2023, Attorney Berberich asked whether the Court would reopen discovery should he appear on behalf of Defendants, and the Court – referencing the sanctions Order – stated it would not. On December 4, 2023, Defendant Burer again orally moved to reopen discovery. Based on the Court's detailed sanctions Order, the Court denies Defendant's renewed oral motion to reopen discovery.

### D. Plaintiff's Oral Motion to Continue the Trial Date

On December 4, 2023, Plaintiff orally moved to continue the trial date based on the Court's oral ruling that it would deny Plaintiff's request to withdraw the jury demand. Defendant Burer voiced no objection. The Court therefore grants the motion to continue the date for trial by jury.

### III. Conclusion and Order

For the reasons discussed, **IT IS ORDERED THAT**:

1. Plaintiff's motion to withdraw its jury demand (Doc. 45) is **DENIED**;

2. Plaintiff's motion for entry of default judgment against Defendants (Doc. 44) is **GRANTED IN PART;**

    a. The Clerk shall file an entry of default under Rule 55(a) as to Defendant 1 Call Away Restoration LLC based on its failure to appear in this case after the withdrawal of defense counsel on October 23, 2023;

    b. Default judgment under Rule 55(b) is denied at this time, but without prejudice to Plaintiff's right to renew its motion at the conclusion of trial;

    c. Plaintiff's motion for entry of default or default judgment as to Defendant Burer is **DENIED**;

3. Pursuant to the oral motion of the Plaintiff, the jury trial in this case is **CONTINUED until 9 a.m. on Monday, January 22, 2024**;

4. The parties shall submit their joint final pretrial Order on or before **5 p.m. on Tuesday, January 16, 2024**.[7]

                                            *s/Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge

---

[7] All pretrial forms and trial procedures are available at www.ohsd.uscourts.gov. Magistrate Judge Bowman's Standing Orders can be found under the "Judges" tab. Defendant Burer is advised to review the information under the "Representing Yourself" tab. The Joint Final Pretrial Order and the Jury Instructions shall be emailed to chambers at bowman_chambers@ohsd.uscourts.gov, consistent with the Court's trial procedures found on the above-mentioned website