**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CALLOWAY CLEANING &
RESTORATION, INC.,

      Plaintiff,

      v.

ROBERT T. BURER, et al.,

      Defendants.

Case No. 1:22-cv-12

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER[1]**

On January 22, 2024, the Court heard oral argument on Plaintiff's motion for contempt and for additional sanctions under Rule 37, Fed. R. Civ. P. At the conclusion of that hearing, the Court orally granted Plaintiff's motion for entry of default against Defendant Burer, dismissed Defendant's counterclaim for failure to prosecute, granted Plaintiff's unopposed motion to withdraw its jury demand, and converted the previously scheduled jury trial into an evidentiary hearing on damages to be held before this Court. This Memorandum Opinion and Order further explains the Court's reasoning.

**I.    Background**

Plaintiff Calloway Cleaning & Restoration Inc. filed suit against Defendants Robert Burer and his company, 1 Call Away Restoration LLC ("1 Call Away"), more than two years ago. Plaintiff's complaint includes the following claims: deceptive trade practices under state law (Counts 1-2); trademark violations under the Lanham Act (Counts 3-4);

---

[1]The above-captioned case has been assigned to the docket of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 19).

tortious interference with contractual and business relationships (Count 5); conversion of equipment and gift cards belonging to Plaintiff (Count 6); defamation (Count 7); breach of a fiduciary duty (Count 8); misappropriation of confidential, trade secret and proprietary information (Counts 9-10); and civil conspiracy (Count 11).[2]  In addition to answering the complaint, Defendant Robert Burer filed a counterclaim for unjust enrichment and conversion.

Shortly after the close of discovery, on September 12, 2023, defense counsel moved to withdraw from representation based on Defendants' failure to cooperate with him and failure to respond to numerous discovery requests. (*See* Doc. 36). The Court directed Mr. Burer to appear at a hearing on the motion to withdraw. When he failed to appear, the Court granted counsel's motion. (Doc. 40).

On October 26, 2023, the Court granted in part Plaintiff's unopposed motion for discovery sanctions against both Defendants. (Doc. 41). In the sanctions Order, the Court ordered Defendant Burer to appear at a telephonic hearing on November 13, directed both Defendants to pay to Plaintiff the sum of $10,216.00 in attorney's fees not later than December 4, 2023, and prohibited Defendants from offering any evidence at trial that had not been produced during discovery. (*Id*., PageID 591). The Court explained that sanctions were based on Defendants' failure to comply with four prior discovery-related Orders, including three in which the Court had expressly warned of sanctions. (Doc. 41, PageID 581).

---

[2]In a twelfth claim, Plaintiff seeks an equitable accounting for diverted sales and improper profits; however, this "claim" appears to be a request for relief rather than an independent cause of action.

On November 13, 2023, Defendant Burer appeared as directed by the sanctions Order, despite denying knowledge of its contents.[3] The Court discussed the content of the sanctions Order and emphasized the need to retain counsel for 1 Call Away even if Burer himself intended to proceed pro se. The Court further advised Mr. Burer that any new counsel must enter an appearance prior to a telephone conference set for 11/27/23, with the joint proposed final pretrial order due November 30, 2023, and a long-scheduled trial date remaining December 4, 2023.

At the November 27, 2023 conference, Mr. Burer appeared with a prospective attorney who indicated he might enter an appearance on behalf of both Defendants if they agreed to his terms. Based on that representation, the Court advised that: (1) prospective new defense counsel must enter an appearance not later than 5 pm the next day; and (2) if counsel did not enter an appearance, trial would begin as scheduled on December 4, 2023, with the final pretrial order due December 1, 2023.

After new defense counsel did not enter an appearance, the Court set a new telephonic conference for November 30, emailing Defendant Burer at the email address he had provided. Plaintiff appeared on November 30, but neither Defendant nor any new defense counsel made an appearance.[4]

Immediately after the November 30 conference call, Plaintiff's counsel filed a motion for default judgment against both Defendants, as well as motion to withdraw its jury demand and proceed with a bench trial. (Docs. 44, 45). The Court scheduled oral argument for December 4, 2023, just prior to the commencement of the scheduled trial.

---

[3]The Court previously served Mr. Burer by both ordinary mail and by certified mail. Mr. Burer repeatedly confirmed the accuracy of the address listed for him and ordinary mail sent to him has not been returned, despite the return of certified mail sent to the same address as unclaimed. (*See* Doc. 42).
[4]Plaintiff notified the identified prospective defense counsel of the November 30 call as a courtesy.

At the conclusion of argument, the Court denied Plaintiff's motion to withdraw its jury demand based on Defendant Burer's failure to consent to a bench trial. The Court also granted Plaintiff's unopposed motion to continue the trial date until January 22, 2024, with the new final pretrial order due on January 16, 2024. (Docs. 46, 47). Finally, the Court granted in part and denied in part Plaintiff's motion for entry of default judgment against both Defendants. (*Id.*; see also Doc. 48).

The Court directed the Clerk to enter a default under Rule 55(a) against 1 Call Away Restoration LLC based in part on its failure to appear after the withdrawal of its counsel. But the Court denied the motion for entry of default judgment against Mr. Burer:

> The Court will excuse Mr. Burer's failure to appear at the November 30 telephonic hearing based on the short notice provided prior to that hearing, Defendant's pro se status, and his alleged technological difficulties. **That said, the Court will not in the future excuse Mr. Burer's failure to appear based on allegations that he did not receive notice.** Mr. Burer has repeatedly confirmed the accuracy of his email and postal mail addresses. He has elected to proceed pro se in this case. Therefore, proper notice is presumed going forward.

(Doc. 47, PageID 616 (emphasis original)).[5]

On December 22, 2023, Plaintiff's counsel filed an additional motion for contempt and/or for additional sanctions. (Doc. 50). In its motion, Plaintiff points out that after the Court's October 26, 2023 sanctions Order, Defendants failed to appear for the November 30, 2023 status conference, failed to obtain substitute counsel (leading to entry of default against Defendant 1 Call Away), and failed to remit payment of $10,216.00 as directed. On January 16, 2024, Plaintiff filed a Supplemental Memorandum and a Declaration by

---

[5]During oral argument on December 4, 2023, Mr. Burer asserted that he had not received the email notice due to his alleged difficulty using computers,  including email.

counsel that set forth a disturbing pattern of communication that suggests witness intimidation. (Docs. 51, 52).

Defendant Burer filed no timely response to Plaintiff's December 22, 2023 motion for contempt and additional sanctions. The Court set the motion for a hearing to begin on January 22, 2024, with the jury trial to be continued to the next day if necessary. (Doc. 54). Following oral argument on January 22, the Court granted Plaintiff's second motion for sanctions in part, finding Defendant Burer to be in default as to liability on all claims, with damages to be determined by the Court instead of a jury. The Court further concluded that Defendants' counterclaims should be dismissed without prejudice for failure to prosecute. (Minute Entry 1/22/24).

## II. Analysis

### A. Plaintiff's Renewed Motion for Dismissal of Burer's Counterclaim and Entry of Default Judgment

Plaintiff's December 22 motion renews its argument for dismissal of Burer's counterclaims and for the entry of default judgment against Burer as a further sanction under Rule 37. *See* Rule 37(b)(2)(A)(v) and (vi). The Court agrees that dismissal of the counterclaims and entry of default (though not final judgment) are now appropriate.[6]

In its October 26, 2023 sanctions Order, the Court determined that the conduct of both Defendants was reprehensible, willful, and in bad faith. The Court also found that Plaintiff had been severely prejudiced by Defendants' conduct. Both factors favored Plaintiff's prior request for dismissal of Defendant Burer's counterclaims and entry of

---

[6]Because Defendant has failed to produce any documentary evidence in support of the counterclaims and has been precluded from putting forth any evidence not previously produced, Plaintiff alternatively advocates for dismissal of the counterclaims as a matter of law under Fed. R. Civ. P. 50. The Court finds that such alternative argument should carry the day.

default in Plaintiff's favor. The undersigned incorporates, as if fully restated, the prior analysis of those two factors. (*See* Doc. 41). However, as to the counterclaims, the Court finds that Defendant has failed to prosecute those claims. Defendant failed to produce any documentary evidence in support of the counterclaims and failed to participate in the preparation of the joint proposed final pretrial order, including failing to produce a witness list, exhibits, jury instructions and a verdict form.

Despite that analysis set forth in the Courts prior sanctions Order, the Court previously declined to enter the most severe sanctions it had at its disposal. The Court reasoned that even though Mr. Burer had been "expressly warned of the *possibility* of sanctions no less than three times," he had not been warned that sanctions could include dismissal or default judgment, and the Court had not yet imposed "lesser sanctions." (Doc. 41, PageID 586). Therefore, in its earlier sanctions Order, the Court directed both Defendants to pay a portion of Plaintiff's attorney's fees ($10,216.00) and precluded either Defendant from introducing any evidence at trial that had not been produced during discovery.

Since entry of that Order, Defendants have continued their course of conduct. They have provided no new discovery that would supplement their woefully inadequate prior production, and failed to obtain new counsel for 1 Call Away Restoration LLC. Defendant Burer and his company further violated the October 26, 2023 Order by failing to pay $10,216 to Plaintiff by December 4, 2023. Neither Defendant appeared at a scheduled November 30 pretrial conference. Most recently, Defendant Burer failed to participate in the filing of mandatory joint final pretrial documents including proposed jury instructions,

interrogatories and verdict forms.[7] (Doc. 53). In short, the October 26, 2023 sanctions Order appears to have had no impact on either Defendants' course of conduct. At this point in time, Burer has repeatedly been warned by this Court of possible additional sanctions including the dismissal of his counterclaims or the entry of a default judgment. To date, including the conduct detailed in the October 26, 2023 Order plus his most recent violations of Court orders, <u>Defendant Burer has failed to comply with seven separate Orders of this Court</u>.[8]

The prejudice to Plaintiff has only grown since entry of the Court's last sanctions Order, and a lesser (monetary) sanction has been ignored. Defendant Burer's repetitive verbal excuses (his alleged inability to pay the sanctions award, his professed inability to understand or to comply with the Court's orders or his obligations, and/or his alleged prior failure to receive information properly served by this Court or from his former counsel), add nothing new to the arguments that this Court has previously rejected,[9] and are otherwise unconvincing. For example, Defendant Burer offered no credible explanation[10] to counter the Plaintiff's evidence that he and his company retain significant assets. (*See*, *e.g.*, Doc. 50-1, attestation and evidence that Burer withdrew nearly $300,000.00 in distributions to himself from two corporate accounts between February 2022 and March 2023, that he regularly used corporate accounts for personal spending including dozens

---

[7]Plaintiff argues that Defendant's failure to submit jury instructions, interrogatories or a verdict form for his counterclaims amounts to a waiver of those counterclaims for lack of prosecution.(*See* Doc. 53). The court agrees.

[8]Granted, the Court previously declined to enter a default based solely on Burer's failure to appear at the November 30 conference, citing the short notice provided in the order setting that hearing. But even if his failure to comply with that single order is excused, his failure to comply with six additional orders is not.

[9]S*ee*, *generally*, Doc. 41, p. 7 n.7 (noting threat of revenge porn alone warranted sanctions), *id*., p. 13 (rejecting "flood" explanation)).

[10]At the hearing on January 22, Defendant Burer continued to assert that he is impoverished, in part because he allegedly owes other (unnamed) creditors. Notably, he has never produced the complete financial records that were requested during discovery.

of transfers to the CashApp accounts of various women, that he purchased a Corvette for over $97,000 in 2022, and that as recently as November 14, 2023, he was bragging on social media that he planned to sell his Corvette in order to upgrade to a more expensive model).

Although the Court concludes that entry of default under Rule 37 in Plaintiff's favor is an appropriate sanction at this time, the Court cannot enter a final default *judgment* in Plaintiff's favor because damages remain undetermined. *See* Rule 55(b). Plaintiff has never suggested that damages are a sum certain, and its motion for entry of default judgment remains silent as to the precise amount of damages it seeks. When the Court inquired how Plaintiff would proceed to prove damages on its underlying claims in the event that default were entered, Plaintiff stated it would require two or three days to present its evidence on damages.

The Court previously entered only a default against 1 Call Away Restoration LLC under Rule 55(a) for similar reasons, noting that Plaintiff would still be required to prove damages at trial. *See generally, Secretary of Labor v. Monroe Trades Corp.*, No. 1:17-cv-272, 2019 WL 11767597, at *1 (S.D. Ohio  Nov. 5, 2019).  With the additional entry of default against Defendant Burer concerning his underlying liability, the only issue remaining is damages. Once that issue has been resolved, the Court will enter a final default judgment against both Defendants, who remain jointly and severally liable on all claims asserted.

### B. Plaintiff's Supplemental Grounds for Contempt and Sanctions

Defendant Burer's recent additional misconduct, in the form of an apparent attempt at witness tampering, only adds to the conclusion that entry of default is appropriate. On

January 16, 2024, Plaintiff filed a Supplemental brief as well as a Declaration in support of its pending motion that alerts the Court to a "pattern of witness tampering." (Docs. 51, 52). Plaintiff represents that Burer contacted opposing counsel on December 8 and December 21, 2023 to insinuate that local media outlets were seeking to interview Burer about a story that would be highly embarrassing to Plaintiff and its principal, Ms. Michele Calloway. Defendant repeatedly urged Plaintiff's counsel to tell Ms. Calloway about the media interest based on the "salacious stuff" to which Burer testified at his deposition in this case.[11] In a thinly veiled attempt to intimidate Ms. Calloway, Defendant Burer expressed concern that Ms. Calloway would be harmed by a media story about the case. Defendant Burer contacted Plaintiff's counsel on a third occasion on January 9, 2024 to again emphasize that he was speaking with a reporter who was going to "clear his name" by running a story on or before January 12, 2024. Defendant refused to identify the reporter to whom he was allegedly speaking.

Contrary to Burer's phone calls, Plaintiff's counsel attests that neither he nor anyone at Calloway has been contacted by the press about this case. Further, no news media stories have been published about this case. Therefore, Plaintiff posits that Defendant Burer's communications were not only false, but were "made to instill fear in Ms. Calloway and dissuade her from prosecuting this case and/or testifying at trial." (Doc. 51 at 2, PageID 661). Notably, Defendant Burer offered no argument or additional information at the hearing on the motion for sanctions that would rebut Plaintiff's reasonable conclusion that his calls to Plaintiff's counsel were intended to intimidate Plaintiff's key witness.

---

[11]This Court previously described Defendant's deposition testimony as "alternately belligerent, sarcastic, profane, unresponsive and rambling." (Doc. 41 at 5, PageID 579).

### C.  The Court declines to Confine Burer

In addition to dismissal of the counterclaims and entry of default against Burer as a sanction under Rule 37, Plaintiff seeks an order confining Burer for Contempt of Court. The Court declines to enter such an Order.

### D.  Plaintiff is Entitled to Additional Attorney's Fees

Plaintiff also seeks additional attorney's fees of $4,698.00, representing time spent on the December 22, 2023 motion, plus $1,335.00 related to the Supplemental Brief filed on January 16, 2024. At the hearing on January 22, 2024, counsel requested two to three hours of additional time for hearing preparation. The Court indicated that it would award those attorneys fees but that counsel would need to supplement the record. Counsel did so supplement seeking an additional $2,752.00 in attorneys fees for preparing for the contempt hearing. See Doc. 58.  Following the conclusion of trial on damages, the Court will reduce the monetary award to a final judgment.

### E.  Plaintiff's Renewed Motion to Withdraw its Jury Demand

During oral argument on January 22, 2024, Defendant Burer agreed to the withdrawal of the jury demand to resolve the issue of damages.  Therefore, Plaintiff's renewed motion to withdraw its jury demand in order to proceed with a trial to the bench on damages will be granted.

### III.    Conclusion and Order

For the reasons discussed, **IT IS ORDERED THAT**:

1.  Plaintiff's renewed motion for entry of default judgment against Defendant Burer (Doc. 50) is **GRANTED in part:**

a.  The Clerk shall enter a default on all claims against Defendant Burer, but the Court will defer entry of a final default judgment until the conclusion of a trial on damages;

b.  Plaintiff's request for entry of an Order of Contempt and confinement of Defendant Burer is **DENIED**;

c.  Plaintiff's request for an award of additional attorney's fees is **GRANTED,** the total amount will be the subject of a final judgment at the conclusion of the damages hearing;

2.  Defendant Burer's counterclaims against Plaintiff are dismissed without prejudice for failure to prosecute.

3.  Plaintiff's renewed oral motion to withdraw its jury demand is **GRANTED**. The issue of Plaintiff's damages will determined by the Court.

_s/Stephanie K. Bowman_____
Stephanie K. Bowman
United States Magistrate Judge