UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CALLOWAY CLEANING &
RESTORATION, INC.,

    Plaintiff,

  v.

ROBERT T. BURER, et al.,

    Defendants.

Case No. 1:22-cv-12

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**[1]

On February 12, 2024, Plaintiff Calloway filed two post-trial motions: (1) a motion to dissolve the 30-day automatic stay; and (2) a motion seeking all attorney fees in this case. Defendant Burer has filed no timely response to either motion. The Court grants the first motion in part, while denying the second motion as moot.

**Motion to Dissolve the Automatic Stay (Doc. 64)**

Calloway seeks an order that will eliminate or dissolve the stay that otherwise takes effect once judgment is entered. Federal Rule of Civil Procedure 62(a) provides for an automatic 30-day stay on the execution of a monetary judgment and proceedings to enforce it, in part to permit the parties to file any post-judgment motions under Rules 50, 52, 59, and 60 and/or to file an appeal. However, Rule 62(a) provides for exceptions to that automatic stay, including when "[t]he court orders otherwise." *Id*. Calloway's motion

---

[1] The above-captioned case has been assigned to the docket of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 19).

1

advocates for the elimination of the automatic stay so that it may immediately seek to collect its judgment.

The 2018 Advisory Committee Notes explain the reasons when a court might consider setting aside the automatic stay under Rule 62(a):

> Amended Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay or supersede it by a court-ordered stay. *One reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated.* Similarly, it may be important to allow immediate enforcement of a judgment that does not involve a payment of money. The court may address the risks of immediate execution by ordering dissolution of the stay only on condition that security be posted by the judgment creditor. *Rather than dissolve the stay, the court may choose to supersede it by ordering a stay that lasts longer or requires security.*

*Id.* (emphasis added).

As grounds for dissolving the stay in this case, Calloway cites its "reasonable fear that Defendants will hide assets." (Doc. 64, PageID 792). Calloway points to Defendants' prior history of bad faith during the discovery process, as well as the fact that Defendants failed to pay the $10,216 in prior sanctions that the Court directed them to pay not later than December 4, 2023. Calloway also points to Burer's repeated claims that he and 1 Call Away have no assets, despite bank records to the contrary.

Based on the record presented, the Court will exercise its discretion to shorten the automatic stay, with a further extension of the stay to be permitted only if Defendants immediately post a supersedeas bond or its equivalent in the amount of the full judgment, consistent with Rule 62(b). Defendants must post an appropriate bond within ten (10) days of this Judgment. No extension of the stay will be permitted absent approval of the bond or other security, and any extension will remain in effect only for the time specified

2

in the bond or other security. *See generally*, Rule 62(b).[2] If Defendants fail to timely post any bond or other security as required by this Order, then the stay will be dissolved and Calloway immediately may proceed to collect its judgment.

**Motion for Attorney Fees and Expenses (Doc. 65)**

In addition to relief from the automatic stay, Calloway seeks an award of its attorney fees and costs against both Defendants under Rule 54(d)(2), Fed. R. Civ. P. This motion is moot. All of the arguments presented by Calloway were fully considered in the Court's Memorandum Opinion and Order on damages, and the entry of judgment already incorporates all fees and costs deemed to be appropriate.

**Conclusion and Order**

For the reasons discussed, **IT IS ORDERED THAT**:

1. Plaintiff's motion to dissolve the 30-day automatic stay under Rule 62(a) (Doc. 64) is **GRANTED IN PART**. The stay shall be shortened so that it expires ten days from the date of Judgment. The abbreviated stay may be extended only if Defendants provide a bond or other security approved by the Court, consistent with Rule 62(b);

2. Plaintiff's motion for fees (Doc. 65) is **DENIED AS MOOT**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[2] In addition to the automatic stay authorized by Rule 62(a), Fed. R. Civ. P. 62(b) states:
> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

*Id.*